IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION, a Delaware corporation.<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT M. LARSEN, a Minnesota resident,<br><br>    Defendant. | Civil Case No. _____ |

## COMPLAINT

COMES NOW Plaintiff Textron Financial Corporation ("Textron"), by and through counsel, and hereby submits its Complaint against Robert M. Larsen ("Larsen"). In support, Textron states as follows:

## PARTIES

1. Plaintiff Textron is a Delaware corporation, with its principal office located in Rhode Island. The majority of Textron's administrative and executive functions are performed in Rhode Island.

2. Upon information and belief, Defendant Larsen is an individual Minnesota resident, residing at 2252 Lenwood Ct. S.W., Rochester, MN 55902.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332, diversity of citizenship jurisdiction, in that this action is between citizens of different states and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. For venue purposes, Larsen resides in that geographical area which is contained within the federal judicial district known as the District of Minnesota.

5. Venue is properly in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Textron is a diversified commercial financing company that provides financing programs for merchants.

7. On or about August 4, 2008, Textron entered into a Master Lease Agreement with Victory Ranch Development, Inc. ("Victory Ranch").  A true and correct copy of the Master Lease Agreement is attached hereto as **Exhibit A** and the terms of which are incorporated herein by reference.

8. Pursuant to the terms of the Master Lease Agreement, Victory Ranch agreed to lease from Textron equipment described on each schedule executed from time to time by Victory Ranch and Textron and identified as a schedule to the Lease (the "Schedule(s)").

9. To induce Textron to extend financing to and enter into agreements from time to time with Victory Ranch, Larsen executed a continuing guaranty of all indebtedness, obligations and liabilities of Victory Ranch owing at any time to Textron (the "Guaranty").  A true and correct copy of the Guaranty is attached hereto as **Exhibit B** and the terms of which are incorporated herein by reference.

10. On or after August 20, 2008, Victory Ranch executed separate Schedules identifying the specific equipment (the "Equipment") Victory Ranch agreed to lease from Textron pursuant to the terms of the Master Lease Agreement and the corresponding Schedule. A true and correct copy of each of the Schedules identified above identifying the equipment

leased to Victory Ranch pursuant to the Master Lease Agreement is collectively attached hereto as **Exhibit C** and the terms of which are incorporated herein by reference.

11.  Victory Ranch defaulted on its obligations under the Master Lease Agreement and Schedules (collectively, the "Agreement") because of, among other reasons, its failure to pay the amounts due under the Agreement.

12.  On or about March 2, 2011 and due to the defaults of Victory Ranch under the Agreement, Victory Ranch returned to Textron certain items of the Equipment (the "Returned Equipment") under a separate Voluntary Surrender and Release executed by Victory Ranch in favor of Textron.

13.  By letter dated March 25, 2011 from Textron to Victory Ranch, Textron informed Victory Ranch that Textron had in its possession the Returned Equipment as well as Textron's intention to dispose of the Returned Equipment by private sale after April 4, 2011, in accordance with its rights under the Agreement.

14.  Subsequent to April 4, 2011, Textron disposed of the Returned Equipment. The proceeds received by Textron from its disposition of the Returned Equipment left an unpaid amount due Textron under the Agreement of Three Hundred Two Thousand Eight Hundred Ten and 19/100 Dollars ($302,810.19) (the "Deficiency Amount").

15.  As of September 14, 2011, Victory Ranch owed Textron the Deficiency Amount plus accrued interest, and other costs (including attorneys' fees).

16.  By a letter from Textron to Larsen dated September 14, 2011, Textron demanded payment of the Deficiency Amount by Larsen under the terms of his Guaranty. A true and correct copy of this Demand Letter is attached hereto as **Exhibit D**.

17. Despite Textron's demand, Larsen has failed to pay the Deficiency Amount to Textron as he is obligated to do under the terms of his Guaranty.

18. Under the terms of the Guaranty, Larsen is also obligated to pay to Textron additional amounts as set forth under the Guaranty including, without limitation, interest accruing on the Deficiency Amount and Textron's attorneys' fees, collection costs, and enforcement expenses incurred by Textron in the enforcement of its rights under the Guaranty and the Agreement, including the commencement of this lawsuit.

19. All relevant conditions under the Agreement and the Guaranty relative to Textron's enforcement of the Guaranty have been satisfied and all relevant obligations of Textron under the Agreement and the Guaranty relative to Textron's enforcement of the Guaranty have been performed by Textron.

## CAUSE OF ACTION
### (Breach of Guaranty)

20. Textron realleges and incorporates by reference the above paragraphs of this Complaint.

21. By virtue of Victory Ranch's default and failure to pay, Larsen is obligated under the terms of the Guaranty to make payment to Textron of the Deficiency Amount plus accrued interest and other charges, as well as all of Textron's attorneys' fees, collection costs, and enforcement expenses.

22. By failing and refusing to make payment of the Deficiency Amount, Larsen has breached his Guaranty in favor of Textron.

23. As a direct and proximate result of Larsen's breach of his Guaranty, Textron have been damaged in an amount in excess of $75,000.

**WHEREFORE**, Textron requests judgment in favor of Textron Financial Corporation against Robert M. Larsen as follows:

a) Awarding Textron recovery of its damages in an amount in excess of $302,810.19, plus all accrued interest and accruing interest, and other charges;

b) Awarding Textron recovery of its attorneys' fees and other costs of collection incurred herein; and

c) Awarding Textron any other relief that the Court deems equitable.

DATED:   November 28, 2011         **FABYANSKE, WESTRA, HART
                                    & THOMSON, P.A.**


                          By:   /s/ Paul L. Ratelle
                                Paul L. Ratelle (#127632)
                                Sara E. Estrin (#389969)
                                800 LaSalle Avenue, Suite 1900
                                Minneapolis, MN 55402
                                (612) 359-7600
                                **ATTORNEYS FOR PLAINTIFF**